**HOME INSURANCE COMPANY, Plaintiff-Appellant, v. ALBERS SUPER MARKETS, Inc., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4307.   Decided June 16, 1950.

Joseph M. Harter, Columbus, for plaintiff-appellant.

T. J. Duffy, Columbus, Dempsey & Dempsey, Cincinnati, for defendant-appellee.

**OPINION**

By THE COURT.

This is an appeal on questions of law from a judgment against the plaintiff on its petition and for $617.91 with costs in favor of defendant on its cross-petition.

Upon issues joined a jury was impaneled and sworn and the testimony of the parties offered. At the conclusion of the case each party moved for a directed verdict whereupon the trial judge discharged the jury and made his finding as carried into the judgment heretofore stated. In entering the judgment the trial judge prepared an extended written decision of which we have had the advantage.

The plaintiff's cause of action was based upon an account in the amount of $5472.72 for insurance policies and contracts issued by plaintiff to the defendant as shown by itemized statement, Exhibit A, attached to the petition. Exhibit A is based upon computation of premium due on Policy No. 1331 issued by plaintiff to defendant from May 23, 1945, to February 13, 1946, at the rate stated in the policy with a credit because of adjustment of values, as provided in Policy No. 3429 theretofore issued by the plaintiff to the defendant, in the amount of $1890.24, leaving the balance sued upon.

The defendant, by its answer, denied any indebtedness to the plaintiff and denied the correctness of Exhibit A attached to the petition. By its cross-petition it set up what it claimed was the true contract between the paries respecting insurance to be issued by the plaintiff upon certain property of the defendant described in the policies and averred particularly, that the insurance for fire and extended coverage on contents of all locations of the defendant described in the policies was to be written on a three year basis commencing May 23, 1944, at a rate not to exceed $0.40 per $100.00 of insurance. It then sets out by itemization its computation of the amounts due plaintiff and the credits to which the defendant was entitled showing a balance of overpaid premium due from the plaintiff to the defendant in the sum of $1664.15 for which it was averred demand had been made and refused and the prayer was for that amount with interest.

The plaintiff by its reply denied generally the averments of the answer of the defendant and answered at length to the

cross-petition and prayed for judgment as in the original petition. The trial judge found with the defendant as to material issues joined except as to the basis of computation of premium due the plaintiff which he held should be figured on an annual basis without reduction.

We have read this record together with the extensive and complete briefs of the parties. Assignment of error No. 1,

"The 'Parol Evidence Rule' Bars all Evidence of Parol Negotiations Tending to Vary or Contradict the Terms of the Written Policy."

(A) The defendant-appellee, Albers Super Markets, Inc., Became Bound by the Policy's Terms when it Failed to Reject Such Policy.

(B) The Policy Stipulates That it May Be Modified Only by a Writing Added to it and that Was not Done Here.

Upon our theory of the law of this case, it is not necessary to discuss either the facts or the law at length in this opinion.

In our judgment, the determinative question is whether or not the Parol Evidence Rule should be disregarded and full opportunity accorded to the defendant to offer testimony affecting the rate to be charged by the plaintiff for the insurance written for the defendant. As we view it, this case comes squarely within the Parol Evidence Rule because the parties had embodied in writing the rate which was to be charged by the plaintiff and required to be paid by the defendant.

The total premium to be paid varied not because of any variation in the rate but because the amount of insurance could not be determined until average valuations were fixed at the end of the policy year upon the monthly report to be made by the insured. See Provisional Amount (1), Limit of Liability (3), Full Reporting (8) clauses, Form 1, Policy No. 3429. The plaintiff company had the full right to issue the policy No. 1331, to establish the rate and to state it in the policy. This is likewise true of the earlier policy No. 3429. If the rate, so fixed, did not meet the approval of the defendant it had full right by the terms of the policy to repudiate it and cancel it and this action should have been taken unequivocally. It threatened to do this but did not legally consummate its threat. The extended controversy, as to the rate to be charged, and if it was to be retroactive to the date when the first policy was written, was merged into the express terms as carried into the policy. To permit evidence the sole purpose of which is to vary these express terms is in violation of the Parol Evidence Rule and not admissible. This was an action at law and not in equity and there was no prayer for reformation of either of the policies. **Blosser v. Enderlin, 113 Oh St 121; In-**

surance Co. v. Titus, 82 Oh St 161; Independent Directory Corp. v. Vandenbrock, etc., No. 2049, Montgomery County, unreported, January 5, 1950.

Assignment of error No. 2:

"There was a failure of proof on the part of the defendant-appellee that any representative of the Home Insurance Co had power, as an agent to make the agreement as to the rate of premium for which Albers Super Markets, Inc., contended and which the trial court found was made."

This assignment is not decisive because, admitting the authority of the agents of the plaintiff to change the rate, it is not established that it was done pursuant to the controlling waiver provisions of the policy. Line 50.

Although it is not necessary to this opinion we think counsel should have the advantage of our opinion that, if we are in error in our conclusion as to assignments of error Nos. 1 and 2, we would support the judgment in the trial court in every particular.

Assignment of error No. 3. It is urged by the plaintiff that to enforce the judgment here under review would cause the parties, and particularly the plaintiff, to violate the provisions of §9592-1 to §9592-18 GC, inclusive, in that it would be required to fix a rate in its policies in behalf of the defendant which would be a discrimination in its favor and unfair between like risks. These sections of the Code were repealed, effective December 31, 1947. They are only persuasive evidentially that the plaintiff would not enter into a contract of insurance carrying rates in violation thereof but they are not conclusive that it could not, or did not, do so, nor do they control the obligation or the right of the insured to contract as to the rates it will pay for insurance. It is conceded that the Continental Insurance Company contracted with the defendant to, and did, provide insurance at a rate lower than that which plaintiff contends was fixed by the authority of the foregoing statutes. To us it does not clearly appear that the Ohio Inspection Board prior to the issuance of the policies here under consideration had fixed a rate governing the particular type of insurance involved. The plaintiff, mistakenly perhaps, in its earlier negotiations with the defendant, accepted as the true rate that which was fixed in the Continental policy and which it assumed had been promulgated by the Interstate Underwriters Board. Assignment of error 3 is not well made.

Assignment of error No. 4 becomes immaterial in view of our decision.

Assignment of error No. 5 is sustained.

The judgment will be reversed and judgment entered for the plaintiff as prayed in its petition and the cause will be remanded.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 4307.   Decided August 10, 1950.

By THE COURT.

Submitted on application for rehearing which we have considered.   We find nothing in the application which was not given attention in the original opinion.   The application will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.